MERCANTILE PAPER PRODUCTS CO., INC., Respondent, *v.* 1491 THIRD AVENUE REALTY CORPORATION and Others, Appellants.

First Department, October 24, 1930.

*Oscar Englander* of counsel [*Reuben Greenbaum,* attorney], for the appellants.

*Louis Rosenberg,* for the respondent.

McAVOY, J. Plaintiff sued to recover moneys paid under a contract for the purchase and sale of real property.

At the time of the execution of the agreement proceedings were pending for the modification of the zoning regulations so as to permit the erection of a garage on the property.

The contract provided that if the application were denied the contract was to be canceled and the deposit returned. It further provided that " if the permit above referred to is granted, but certiorari proceedings are instituted as the result of such permit for change in the zoning law regulations, that the purchaser shall have the right to declare the contract canceled and to the return of the deposit without further charge."

There was also a so-called rider clause affixed to the contract reading: " It is further agreed that the purchaser elects to continue the contract notwithstanding the certiorari proceedings and that

the time for closing shall be adjourned from time to time until the certiorari proceedings are terminated, but that the purchase price shall be deemed increased to the sum of $1,000 counting from the 15th day of October, 1929, which sum shall be paid monthly by the purchaser to the seller."

Plaintiff explains this inconsistent paragraph by saying that by a stenographic error the word " if " was omitted, and that the clause was a conditional one to the effect that if the purchaser elects to continue the contract notwithstanding the certiorari proceedings, there shall be adjournment from time to time until those proceedings are terminated.

The contract consisted of a printed form of two pages. There was not sufficient space on the printed form to contain all the terms of the contract so there were added two typewritten sheets which were designated as riders I and II.

The paragraph regarding the purchaser's election to continue the contract notwithstanding the certiorari proceedings was written on an unnumbered rider affixed on top of riders I and II.

We think we may not disregard this paragraph as such ruling would result in defendant's giving an option to plaintiff to purchase a parcel of real estate without paying any consideration therefor, and without any time limit to exercise the option. The rule is that an added typewritten clause such as is contained on the unnumbered rider supersedes the printed form and will prevail. No oral testimony could be admitted to aid the court, and none could be offered to vary the provision of the written instrument, so that the fact question as to the omission of the word " if " was not properly heard.

If plaintiff felt aggrieved, its proper remedy was an action to reform the contract.

All argument that the clause in question bears the mark of futurity may be addressed to the remedy of reformation. At law the letter must be followed.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.